### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LANDON WHITE, | * |
| *Plaintiff*, | * |
| v. | *  Civil Action No. 1:25-cv-01805-GLR |
| LINDA H. LAMONE, ET AL., | * |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Defendants Lydia Lawless, Linda H. Lamone, Marianne Lee, Dolores O. Ridgell, Thurman W. Zollicoffer, Jr. and the Attorney Grievance Commission of Maryland (incorrectly identified as "AGC of Maryland") move to dismiss Plaintiff's Third Amended Complaint and provide this memorandum of law in support.

Respectfully Submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/  Rachel L. Stewart
RACHEL L. STEWART
Federal Bar No. 27352
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
rstewart@oag.state.md.us
(410) 576–7934  (telephone)
(410) 576–6393  (facsimile)
Attorneys for Defendants

March 9, 2026

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................ 1

PLAINTIFF'S CLAIMS ............................................................................... 1

FACTS ...................................................................................................... 2

    THE ATTORNEY GRIEVANCE COMMISSION AND BAR COUNSEL ........................... 2

    CONDITIONAL DIVERSION AGREEMENT ................................................... 4

STANDARD OF REVIEW ............................................................................ 4

ARGUMENT ............................................................................................. 7

I.    PLAINTIFF'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY AND SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ........ 7

II.    THE DEFENDANTS ARE ENTITLED TO PROSECUTORIAL IMMUNITY ....................... 10

III.    QUALIFIED IMMUNITY BARS PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS ........... 14

IV.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE DEFENDANTS HAVE STATE PERSONNEL IMMUNITY ................................................... 15

V.    PLAINTIFF'S CLAIMS ARE TIME-BARRED AND SHOULD BE DISMISSED .................. 17

VI.    THIS COURT HAS NO JURISDICTION OVER PLAINTIFF'S CLAIMS .......................... 19

VII.    PLAINTIFF HAS NO STANDING TO CHALLENGE THE HANDLING OF HIS GRIEVANCE AGAINST BAR COUNSEL ................................................... 20

VIII.    PLAINTIFF HAS NOT ALLEGED AN EQUAL PROTECTION CLAIM ........................... 21

IX.    PLAINTIFF HAS NOT ALLEGED A DUE PROCESS CLAIM ....................................... 22

X.    PLAINTIFF HAS NO CLAIM UNDER MONELL BECAUSE NONE OF THE DEFENDANTS ARE A MUNICIPALITY. ................................................. 24

XI.    PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES .......................................... 24

XII.    PLAINTIFF HAS OTHERWISE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................ 25

CONCLUSION ................................................................................................................ 26

**INTRODUCTION**

**PLAINTIFF'S CLAIMS**

Plaintiff, Landon White, is an attorney, who was disbarred from the practice of law in Maryland on June 6, 2022. *Attorney Grievance Commission of Maryland v. White*, 479 Md. 83 (2022); *Attorney Grievance Commission of Maryland v. White*, 480 Md. 319 (2002). He has filed the instant lawsuit proceeding *pro se*. Although plaintiff does not directly contest the termination of his license to practice law in Maryland, his complaint sets forth a number of grievances regarding the actions of defendants relative to his discipline. Essentially, plaintiff makes three claims against defendants: He asserts that he was coerced into a Conditional Diversion Agreement (ECF No. 20, at 12-15); that his grievance against defendant Lawless was not properly handled (ECF No. 20, at 15-18); and that black attorneys and complainants are treated differently in the disciplinary processes (ECF No. 20, at 18-21).

Plaintiff asserts a total of 11 counts against the various defendants. He divides the defendants into "individual and official capacity defendants" and "official capacity only" defendants. Defendants Lawless, Lee, and Zollicoffer are sued in their individual and official capacity. (ECF No. 20, ¶¶ 7, 9, and 11.) While defendants Lamone and Ridgell are sued in their official capacity only. (ECF No. 20, ¶¶ 8 and 10.) Counts I – III, VI – IX are directed against all defendants; Count IV – V is directed only at defendants Lawless, Lee and Zollicoffer; and Count X and XI are directed against the Attorney Grievance Commission of Maryland ("AGC") and defendants Lamone, Lee, Ridgell and Lawless in

their official capacities.  (ECF No. 20, at 21-39.)  Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.  (ECF No. 20, at 39-40.)

With the exception of Count I, which appears to assert a violation of rights under Maryland law, all other counts are asserted pursuant to 42 U.S.C. § 1983.  (ECF No. 20, at 21-39.  Plaintiff's complaint should be dismissed because the defendants are immune from suit, his claims are time-barred, the court lacks jurisdiction over plaintiff's claims, plaintiff has no standing to assert his claims, he is not entitled to punitive damages and he has otherwise failed to state a claim upon which relief can be granted.

**FACTS**

Plaintiff's license to practice law in Maryland was terminated on June 6, 2022. *Attorney Grievance Commission of Maryland v. White*, 479 Md. 83 (2022); *Attorney Grievance Commission of Maryland v. White*, 480 Md. 319 (2002).   According to plaintiff's complaint, prior to losing his Maryland law license, he voluntarily entered into a Conditional Diversion Agreement.  (ECF No. 20, at 12-13.

**The Attorney Grievance Commission and Bar Counsel**

The Attorney Grievance Commission (the "Commission") is an arm of the State of Maryland created by the Supreme Court of Maryland to investigate and discipline attorneys licensed to practice in Maryland.  *See* 82 Md. Opp. Atty. Gen. 23 (1997); Md. Rule 19-702; see also *Kramer v. Grossman*, Civ. No. ELH-13-1745, 2014 WL 937146, at *6 (D. Md. Mar. 10, 2014).  The Commission members are appointed by the Supreme Court of Maryland under Maryland Rule 19-702 for a three-year term.   The duties of the

Commission include appointment of Bar Counsel (with approval of the Supreme Court), supervision and authorization of Bar Counsel, exercise of the authority granted in the Rules with regard to complaints and statements of charges against attorneys for violations of the Rules of Professional Conduct (including dismissal of a complaint, reprimand of counsel or filing of Petition for Disciplinary Action), authorization of the issuance of subpoenas in accordance with the Rules, perform the duties required by Title 19, Chapter 400 (Attorney Trust Accounts), etc. Md. Rule 19-702(h).

"The Commission is the prosecutorial arm of the Court, given the responsibility to supervise and administer the discipline of attorneys licensed to practice in this State." 82 Md. Op. Att'y Gen. 23 (1997) (citing *Attorney Grievance Comm'n v. McBurney*, 282 Md. 116, 122 (1978).) Further, the members of the Commission are State personnel under § 12-401(10), (12) of the Maryland Code, State Government Article and § 12-101(a)(3)(i) (defining State personnel as any "member of a State board, commission, or similar State entity") or (ii) (defining State personnel as a person providing a service to the State who is not paid and otherwise satisfies requiremeents for designation as State personnel.)

Bar Counsel is appointed by the Commission and authorized to investigate professional misconduct or incapacity of an attorney, prosecute all disciplinary and remedial proceedings, investigate petitions for reinstatement and applications for resignation from the practice of law and represent the Commission in those proceedings, and employ other attorneys to assist Bar Counsel among other duties as authorized by the Maryland Rules.  Md. Rule 19-703 (a), (b).  The investigation of an attorney is not required

3

to initiate with the filing of a complaint.  *See* Md. Rule 19-703(b).

**Conditional Diversion Agreement**

The Maryland Rules provide for entry into an agreement between Bar Counsel and the attorney who committed professional misconduct or is incapitated if additional conditions are met and when appropriate and approved by the Commission.  Md. Rule 19-716.  The Rules further provide that entry into a Conditional Diversion Agreement is voluntary.  Md. Rule 19-716 (b)(1).  However, if a CDA is offered and rejected or disapproved, Bar Counsel is authorized to proceed with discipline or other actions permitted under the Maryland Rules.  Md. Rule 19-716(b)(2).

## STANDARD OF REVIEW

A court grants a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005)  "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In evaluating a challenge to the Court's subject matter jurisdiction, the Court is permitted to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond,* 945 F.2d at 1219.  "[T]he court takes all well-pleaded factual allegations as true." *Barnett v. United States*, 193 F. Supp.3d 515, 518 (2016) citing *Kerns v. United*

4

*States*, 585 F.3d 187, 193 (4th Cir. 2009).  However, the court is "not obligated to assume that [the] plaintiff's *legal conclusions or arguments* are also true." *Barnett*, 193 F.Supp.3d at 518 (citations omitted).

A motion to dismiss for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  It is insufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."  *Twombly*, 550 U.S. at 560 (internal quotation and alteration omitted).  Thus, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice and are not entitled to the assumption of truth.  *Id.* at 555 (internal citation omitted).  Ultimately, a complaint must "permit the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense."  *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom., Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012) (quoting *Iqbal*, 556 U.S. at 679).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim should be

granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs, Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This Court should accept "as true all of the well-pleaded allegations and [view] the complaint in the light most favorable to the non-moving party." *Lesueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012). This Court, however, may disregard conclusions of law or unwarranted deductions of fact because the purpose of a Rule 12(b)(6) motion is to determine legal sufficiency of the complaint. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

## ARGUMENT

I.    **PLAINTIFF'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY AND SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

The Eleventh Amendment of the United States Constitution bars a suit in federal court against a State, one of its agencies or departments, or one of its officials acting in an official capacity, without a valid abrogation or waiver of the State's sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalfe and Easy, Inc.*, 506 U.S. 139, 144-45 (1993); *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89, 100 (1984); *Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001); U.S. Const. amend. XI; Md. Code Ann., Const., Art IV, § 1. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Garrett,*

531 U.S. at 363. "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." *Pennhurst,* 465 U.S. at 99. Although Maryland has waived its sovereign immunity for certain actions brought in its state courts under the Maryland Torts Claims Act, Md. Code Ann., State Gov't § 12-101, *et seq.*, it has not waived its immunity under the Eleventh Amendment for suits in federal court. *See e.g. Dixon v. Baltimore City Policy Dep't*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003).

There is, however, an exception to Eleventh Amendment immunity. Under the *Ex Parte Young* exception, claims solely for prospective injunctive relief against state officials acting in violation of federal law are not prohibited by the Eleventh Amendment. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. at 155-56). However, the state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). In the instant matter, the *Ex Parte Young*

7

exception to Eleventh Amendment immunity does not apply because plaintiff seeks to punish defendants for alleged past conduct, plaintiff does not truly seek prospective relief, and plaintiff's claims are otherwise barred, as discussed hereinbelow.

Defendants are entitled to Eleventh Amendment immunity because any and all allegations in the amended complaint pertain only to official acts performed by state officials in connection with their official duties as a prosecutorial arm of the State of Maryland's highest court. The Commission is an instrumentality of the State. Maryland's highest court, the Supreme Court of Maryland, established the Commission as the "prosecutorial arm of the Court" with "the responsibility to supervise and administer the discipline of [the] attorneys" who are authorized to practice law in Maryland. 82 Md. Op. Atty. Gen. 23 (1997); Md. Rule 19-702(a). Defendants are agents of the State. Like the State itself, state officials sued in their official capacity are not "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and a]s such, it is no different from a suit against the State itself." *Id.* Moreover, the Fourth Circuit has cautioned that "the mere incantation of the term 'individual capacity'[1] [in a complaint] is not enough to transform

---

[1] Although plaintiff states that he is suing defendants Ms. Lawless, Ms. Lamone and Mr. Zollicoffer in both their individual and official capacities (ECF No. 20, at ¶¶ 7, 9, and 11), there is nothing contained in the complaint to support a conclusion that this is a personal-capacity suit. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 (1986) (finding that regardless of the fact that the plaintiff stated he was suing defendant in both individual and official capacities the suit was not an individual-capacity suit where

an official capacity action into an individual capacity action." *Adams v. Ferguson*, 884 F.3d 219, 225 (4th Cir. 2018) (quoting *Lizzi v. Alexander*, 255 F.3d 128, 137 (4th Cir. 2001)).

In this matter, defendants were acting only within their official capacities, and plaintiff has made no allegations wherein their actions can be conceived as performed in their individual capacity. *See Mitchell v. Stump*, Civ. No. PX-17-2056, 2018 WL 4468855, at *3 (D. Md. Sept. 18, 2018) (internal citation omitted) (holding that "the [c]ourt must look to the substance of the pleadings to determine whether a defendant is sued in an individual or official capacity for Eleventh Amendment immunity purposes.").

This Court and others have applied Eleventh Amendment immunity to the state agencies and individual state officials who prosecute attorney disciplinary matters. *Muhammad v. Maryland Court of Appeals, et al.*, Civ. No. CCB-06-3444, 2008 WL 398246, at *1 (D. Md. Feb. 8, 2008), *aff'd*, 310 F. App'x 561 (4th Cir. 2008) (finding that Eleventh Amendment immunity applied to all defendants, including the Commission, where an attorney sued several state officials and state entities for allegations pertaining to his attorney disciplinary proceedings and disbarment); *Johnson v. Bd. of Bar Overseers of Mass.*, 324 F. Supp. 2d 276, 286 (D. Mass. 2004) (in a suit in which an attorney alleged her attorney disciplinary proceedings were unfair and unlawful, finding that Eleventh Amendment immunity applied to Massachusetts Office of Bar Counsel, Massachusetts

---

nothing in complaint or record sought relief against defendants in their individual capacities).

9

Board of Bar Overseers, and several individually named defendants, who, although the plaintiff purported to sue them in both their individual and official capacities, were indeed acting only within their official capacities); *Hunter v. Virginia State Bar*, 786 F. Supp. 2d 1107 (E.D. Va. 2011) (applying Eleventh Amendment immunity to Virginia State Bar, its Executive Director/Chief Operating Officer, and its Assistant Bar Counsel, in an action filed by an attorney related to the handing of an ethics complaint filed against her).

Because the State of Maryland has not waived its sovereign immunity, nor has the State's sovereign immunity been abrogated by any of the legal theories advanced by Plaintiff, this suit brought in federal court for damages is an action against the State of Maryland and is barred by the Eleventh Amendment. *Metcalfe*, 506 U.S. at 144-45. Accordingly, all of Plaintiff's claims against the defendants are barred by Eleventh Amendment immunity and must be dismissed.

## II.    THE DEFENDANTS ARE ENTITLED TO PROSECUTORIAL IMMUNITY.

The defendants are entitled to prosecutorial immunity because they were performing roles within a disciplinary adjudicative process on behalf of the Supreme Court of Maryland.

Prosecuting attorneys are absolutely immune from suit when performing prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity protects "the public trust of the prosecutor's office," which would suffer if prosecutors "were constrained in making every decision by the consequences in terms of his [or her] own potential liability in a suit for damages." *Id.* at 424-25. Without immunity, these suits

would likely be commonplace because defendants often "transform . . . resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." *Id.* at 424-25.

"The focus of the immunity analysis . . . is 'on the *conduct* for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful.'" *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996) (*quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993)). As such, the test for determining whether an individual is engaged in prosecutorial conduct is a "functional approach" such that "absolute immunity flows not from rank or title or 'location within the Government' but from the nature of the responsibilities of the individual official." *Cleavinger v. Saxner,* 474 U.S. 193, 201 (1985) (citation omitted).

Using this function-based test, courts have extended prosecutorial immunity to individuals involved in non-criminal matters who perform prosecutorial duties. *See Ostrzenski v. Siegel*, 177 F.3d 245, 250-51 (4th Cir. 1999) (applying prosecutorial immunity to a peer reviewer in a physician disciplinary proceeding); *Gill v. Ripley*, 352 Md. 754, 773 (1999) (applying prosecutorial immunity to a child support enforcement agency's clerical employee); *Maryland Bd. of Physicians v. Geier*, 241 Md. App. 429, 494 (2019) (finding that "officials who perform adjudicative or prosecutorial functions in state medical disciplinary proceedings" are immune from suit).

In addition, the U.S. Supreme Court has made it clear that prosecutorial immunity extends to individuals who perform prosecutorial functions within the context of

11

administrative proceedings, such as administrative prosecutors.  *See Butz v. Economou*, 438 U.S. 478, 515-16 (1978) ("We . . . believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts.").

This Court has applied prosecutorial immunity to the attorneys who handle matters within the state attorney disciplinary system.  *See Pak v. Ridgell*, Civ. No. RDB-10-01421, 2011 WL 3320197, at *6-7 (D. Md. Aug. 1, 2011) (in a § 1983 action filed by a disbarred attorney and arising from the prosecuting bar attorney's alleged conduct in the attorney disciplinary proceedings, finding that "bar counsel prosecutors are afforded absolute immunity for conduct performed in a judicial capacity"), *aff'd sub nom. Hekyong Pak v. Ridgell*, 476 F. App'x 750 (4th Cir. 2012).  In *Pak*, this Court also noted consistent decisions in other courts.  *Pak*, at *6-7 (collecting cases); *Clulow v. State of Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983) ("[B]ar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions."); *Simons v. Bellinger*, 643 F.2d 774 (D.C. Cir. 1980) (granting absolute immunity to committee members who investigate the unauthorized practice of law, determine who is prosecuted, and direct the prosecution); *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 715 (9th Cir. 1995) (granting bar counsel immunity for their role in attorney disciplinary system).

Here, the defendants served prosecutorial functions.  The Commission was

12

established to "oversee the discipline of Maryland attorneys and review the conduct of attorneys to determine the need for alternatives to discipline." *Attorney Grievance Commission and Office of Bar Counsel*, available at https://www.courts.state.md.us/attygrievance/about (last checked Mar. 6, 2026). The members are appointed by the Supreme Court of Maryland. Md. Rule 19-702(a). Among other things, the Commission has the authority to approve or disapprove the filing of attorney disciplinary actions and supervises the activities of Bar Counsel. Md. Rule 19-702(h)(4), (9). Bar Counsel investigates professional misconduct by attorneys, "file[s] and prosecute[s] petitions for disciplinary and remedial actions in the name of the Commission," and "investigate[s] petitions for reinstatement . . . and represent[s] the Commission in those proceedings." Md. Rule 19-703(b)(1), (4), (7).

All of the defendants' actions alleged in the amended complaint occurred during the investigatory and discipline proceedings and they were intimately "associated with the judicial process." *See Imbler,* 424 U.S. at 430. The content of plaintiff's third amended complaint confirms this. (*See* ECF No. 20.) Plaintiff's allegations against defendants are entirely relative to plaintiff's discipline, his complaint against defendant Lawless and the investigation by or on behalf of defendants. These are exclusively prosecutorial functions to which prosecutorial immunity applies.

Moreover, immunity for performance of inherently prosecutorial functions is not defeated by allegations of "improper motivation such as malice, vindictiveness [or] [*sic*] self-interest." *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *cert. denied*, 484 U.S.

13

828 (1987), *abrogated on other grounds by Burns v. Reed*, 500 U.S. 478 (1991); *see also id.* (allegations of "abusive, illegal or unethical conduct" insufficient to defeat prosecutorial immunity). "[A]llegations of malice . . . will not defeat the immunity of prosecutors." *Gill v. Ripley*, 352 Md. 754, 770 n.5 (1999). Accordingly, plaintiff's claims are not saved by his allegations of discrimination or malice against defendants and this court should dismiss plaintiff's third amended complaint.

## III.    Qualified Immunity Bars Plaintiff's Individual Capacity Claims.

Plaintiff's claims against defendants Ms. Lawless, Ms. Lee and Mr. Zollicoffer (sued in their individual capacities) are barred by qualified immunity. As State actors, Ms. Lawless, Ms. Lee and Mr. Zollicoffer are immune from 42 U.S.C. § 1983 claims for damages if their actions did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Supreme Court has explained that "clearly established" means that "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011).

In order to defeat the individual defendants' qualified immunity defense, plaintiff must demonstrate that each violated a clearly established constitutional right of his. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (defendant's right to qualified immunity is not defeated unless, as a preliminary matter, the facts "make out a violation of a constitutional right"). "The protection of qualified immunity applies regardless of whether the government official's error is [']a mistake of law, a mistake of fact, or a mistake based

14

on mixed questions of law and fact.[']"  *Id*. at 231 (citations omitted).

Moreover, the defense of qualified immunity is properly addressed at the pleadings stage where, as in this case, the government officials were acting in accordance with established law and policy.  *See id.* at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) ("Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'").  To that end, the Supreme Court has "'repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'"  *Pearson*, 555 U.S. at 231 (citation omitted).  The purpose of the qualified immunity doctrine is to give State officials sufficient "breathing room" to make difficult discretionary decisions.  *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Al-Kidd*, 563 U.S. at 743).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson*, 555 U.S. at 231.  On its face, the Third Amended Complaint fails to allege facts that demonstrate a violation by Ms. Lawless, Ms. Lee and Mr. Zollicoffer of plaintiff's constitutional rights let alone any clearly established right of which a reasonable State official would have known.

**IV.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE DEFENDANTS HAVE STATE PERSONNEL IMMUNITY.**

Under the Maryland Tort Claims Act, Md. Code Ann., State Gov't § 12-101, *et seq*., ("the MTCA"), state personnel, including members of the Commission, Bar Counsel

and Deputy Bar Counsel of the Commission, are immune from both suit and liability when they act within the scope of their employment and without malice or gross negligence. *See* State Gov't § 12-101(a)(3)(i); *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-522(a); *Higginbotham v. Public Serv. Comm'n*, 412 Md. 112, 130-131 (2009).

This immunity, effectively a form of statutory state qualified immunity, extends to state constitutional violations committed within the scope of the employee's duties when the violations are made "without malice or gross negligence." *Lee v. Cline,* 384 Md. 245 (2004). The same standards of malice and gross negligence apply to state common-law torts and violations of state constitutional rights. *Newell v. Runnels*, 407 Md. 578, 640 n. 28 (2009). Under this standard, a party alleging malice must allege facts demonstrating "conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud." *Lee*, 384 Md. at 268. The Fourth Circuit has summarized what a sufficient allegation of malice must entail:

> Under Maryland law, the malice necessary to defeat immunity under section 5-522 is what is often referred to as "actual malice"– that is, conduct "motivated by ill will, by an improper motive, or by an affirmative intent to injure." *Shoemaker v. Smith*, 353 Md. 143, 725 A.2d 549, 560 (1999). A similarly high threshold must be crossed to establish gross negligence-the defendant must have "acted with wanton or reckless disregard for the safety of others." *Boyer v. State*, 323 Md. 558, 594 A.2d 121, 132 (1991); *cf. State v. Albrecht*, 336 Md. 475, 649 A.2d 336, 348 (1994) (defining gross negligence as conduct "so heedless and incautious as necessarily to be deemed unlawful and wanton, manifesting such a gross departure from what would be the conduct of an ordinary careful and prudent person under the same circumstances so as to furnish evidence of an indifference to consequences." (citation and internal quotation marks omitted)).

*Young v. City of Mt. Rainier,* 238 F.3d 567, 578-79 (4th Cir. 2001).

16

Although plaintiff alleges that the defendants acted with malice, he has failed to allege any facts from which malice or gross negligence can be inferred. *See Barbre v. Pope*, 402 Md. 157, 181-82 (2007). *See also Iqbal*, 556 U.S. at 678–79 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plaintiff does not, as he cannot, factually support his allegations. At most, plaintiff has described a disagreement with defendants' investigation, conclusions and the handling of his discipline.

To defeat State personnel immunity, it is insufficient, as a matter of law, merely to allege malice. *Barbre,* 402 Md. at 157. All of plaintiff's allegations are conclusory rather than factual and fall well short of supporting any inference that defendants acted with malice or gross negligence, or outside the scope of their official duties. Thus, Plaintiff's claims against the Defendants are legally insufficient to overcome their immunity and his amended complaint should be dismissed.

## V.      PLAINTIFF'S CLAIMS ARE TIME-BARRED AND SHOULD BE DISMISSED.

Plaintiffs' claims arise out of defendants' actions occurring in either 2019 or in response to plaintiff's complaint against defendant Lawless resolved in February 2022. As plaintiff's claims were not filed within three years of their occurrence, his claims are time-barred and should be dismissed.

The limitations period for a Section 1983 action is the same as for personal injury actions in the state in which the Section 1983 claim arises. *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985). Thus, the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights

actions arising in Maryland is contained in the Courts and Judicial Procedures Article of the Maryland Code at Section 5-101, which requires that civil actions be filed within three years after their accrual. Where one can determine from the face of the complaint that the statute of limitations has run, dismissal is appropriate. *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004); *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009).

Plaintiff's claims against defendants arose either at the time that plaintiff initially entered into the CDA in 2019 or when his complaint against defendant Lawless was resolved in February 2022. Plaintiff filed his initial complaint in this Court on June 6, 2025. It has been more than three years since his claims accrued. Accordingly, plaintiff's claims are clearly time-barred and should be dismissed.

## VI.    THIS COURT HAS NO JURISDICTION OVER PLAINTIFF'S CLAIMS.

The Supreme Court of Maryland has exclusive jurisdiction over attorney disciplinary proceedings. *Attorney Grievance Comm'n v. Clevenger*, 459 Md. 481, 491 (2018). This Court has already recognized that the Supreme Court of Maryland "has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance Comm'n of Md. v. Pisner*, No. 24-CV-02807-LKG, 2024 WL 5186701, at *2 (D. Md. Dec. 19, 2024); *Attorney Grievance Comm'n of Md. v. Rheinstein*, Civ. A. No. MJG-17-2550, 2017 WL 4167402, at *2 (D. Md. Sept. 20, 2017) (quoting *Attorney Grievance Comm'n of Md. v. O'Leary*, 433 Md. 2, 28 (2013)), *aff'd in part, dismissed in part,* 750 Fed. Appx. 225 (4th Cir. 2019).

18

In *Attorney Grievance Comm'n v. Clevenger*, 459 Md. 481 (2017), the Supreme Court of Maryland[2] considered the right of a complaining party to seek further investigation by the Attorney Grievance Commission of a complaint against attorneys licensed in Maryland. The petitioner filed a petition for writ of mandamus in the Circuit Court for Anne Arundel County seeking to compel Bar Counsel to investigate alleged misconduct of other attorneys. *Id.* at 483. On a petition for writ of certiorari of the circuit court's issued writ, the Supreme Court reversed the writ and held that it had exclusive jurisdiction for review of the actions of the Attorney Grievance Commission. *Id.* at 483-84, 494.

In considering whether the circuit court may have jurisdiction, the Court first held that Bar Counsel's decision whether to investigate a complaint of attorney misconduct was within the scope of an "attorney-disciplinary proceeding." *Id.* at 491-92. The Court then reasoned, because it has original and exclusive jurisdiction over attorney discipline matters, it has original and exclusive jurisdiction over decisions or declinations to investigate attorney misconduct. *Id.* Specifically, the Court stated "[b]ecause this Court, through Bar Counsel, has the exclusive power to conduct an investigation, a question about whether an investigation was properly conducted or declined under the relevant Rule—which we created and administer—is one that only this Court may consider." *Id.* at 493.

---

[2] The Court of Appeals of Maryland is now known as the Supreme Court of Maryland. Governor Larry Hogan, *Governor's Proclamation Declaring the Result of the Election of November 8, 2022, for Constitutional Amendments*, (Dec. 14, 2022), https://www.courts.state.md.us/sites/default/files/import/reference/pdfs/proclamation20221213.pdf.)

19

Mr. White's claims regarding the handling of his attorney discipline or his complaint against defendant Lawless deprived him of his rights is unfounded.  Mr. Wright had a right to review of the defendants' actions with respect to the handling of his disciplinary action or the complaint against defendant Lawless, just not before this court.  As unequivocally set forth in *Clevenger*, the Supreme Court of Maryland has exclusive jurisdiction to review Bar Counsel's actions, including that specifically complained of here.  *Id.*  Therefore, Mr. White was not deprived of any rights under either the United States or Maryland Constitutions, because he could have, but failed to, seek relief before the Supreme Court of Maryland.  *See id.* at 492-93.  Accordingly, Mr. White's claims should be dismissed.

## VII.   PLAINTIFF HAS NO STANDING TO CHALLENGE THE HANDLING OF HIS GRIEVANCE AGAINST BAR COUNSEL

To possess standing, a plaintiff must sufficiently allege that they have: "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

In *Doyle v. Oklahoma Bar Ass'n*, the Tenth Circuit dismissed a lawsuit filed by a grievant who complained about the lack of action taken by the State attorney disciplinary authority to a grievance filed addressing an attorney's conduct.  998 F.2d 1559 (10th Cir. 1993).  Similarly to the instant action, the plaintiff wanted a lawyer disciplined.  *Id.* at 1566.  Equating the decision to pursue disciplinary action against an attorney to that of a criminal prosecution, the Court held that the plaintiff had no standing.  *Id.* at 1566-1567.  The Court stated that the plaintiff could not satisfy the injury element of the standing requirements

20

because the "only one to suffer direct injury in a disciplinary proceeding is the lawyer involved." *Id.* at 1567.

Similarly, in the instant matter, Mr. White has no standing to challenge the decisions made or the actions taken in any disciplinary matter involving any other attorney, including the grievance he  Ms. Lawless.  Accordingly, plaintiff's claims should be dismissed.

**VIII.  PLAINTIFF HAS NOT ALLEGED AN EQUAL PROTECTION CLAIM.**

Mr. White has not adequately alleged a violation of the Equal Protection Clause of the Fourteenth Amendment.  Generally, the Equal Protection Clause shields against intentional and arbitrary discrimination by state governments.  *King v. Rubenstein*, 825 F.3d 206, 220 (4th Cir. 2016).  "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Mr. White's claim fails because he does not identify any similarly situated individuals that were treated differently, but he also does not allege any facts to support a claim that the disparate treatment was intentional or purposeful.  Due to Mr. White's failure to properly allege intentional or purposeful discrimination, his claim should be dismissed. Moreover, because his equal protection claim does not allege a violation of federal law, it should be dismissed for that reason as well.

Selective enforcement is not, in and of itself, a constitutional violation because there is the presumption that prosecutions are undertaken in good faith. *United States v. Bennett*,

539 F.2d 45, 54 (10th Cir. 1976). Thus, Plaintiff must show that they have "been singled out while others similarly situated have not been subject to enforcement and the selection has been invidious or in bad faith and based on intentional, purposeful discrimination stemming from impermissible considerations such as race, religion, or the desire to prevent the exercise of other constitutionally secured rights." *York v. Secretary of Treasury*, 774 F.2d 417, 422 (10th Cir. 1985). 45. Plaintiff's Complaint does not come close to showing that the actions were irrational and wholly arbitrary or based on impermissible considerations.

## IX.    PLAINTIFF HAS NOT ALLEGED A DUE PROCESS CLAIM.

Plaintiff pleads due process violations under both the Fourteenth Amendment of the U.S. Constitution and Article 24 of the Maryland Declaration of Rights. The Fourteenth Amendment of the U.S. Constitution and Article 24 of the Maryland Declaration of rights afford the same procedural protections and therefore are "construed *in pari materia*." *Canaj, Inc.*, 391 Md. at 424; *see also Roberts v. Total Health Care, Inc.*, 349 Md. 499, 508-09 (1998) ("Both the Due Process Clause of the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights protect interests in life, liberty and property from deprivation or infringement by government without appropriate procedural safeguards."). At its "core," procedural due process "is the right to notice and a meaningful opportunity to be heard." *Id.* (citation and quotation marks omitted)). Accordingly, to succeed in an action alleging a procedural due process violation, Plaintiff must demonstrate that the State deprived him of a protected liberty or property interest without affording him

adequate notice and an opportunity to be heard. *Knapp v. Smethurst*, 139 Md. App. 676, 704 (2001). Plaintiff makes no allegations that he was denied notice and an opportunity to be heard. Accordingly, he has not set forth a due process claim against defendants.

Substantive due process under the Fourteenth Amendment is a "far narrower concept" than procedural due process, occurring "only where the government's actions in depriving a person of life, liberty, or property are so unjust that no amount of fair procedure can rectify them." *Love v. Pepersack*, 47 F.3d 120, 122–23 (4th Cir. 1995). To state a substantive due process claim, in addition to pleading a property or liberty interest, Mr. White must also plead that the government action was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Here, while Mr. White alleges he is no longer permitted to proceed in his chosen profession, he has no specific right to do so. Moreover, his allegations also do not shock the conscience.

Mr. White conflates due process with an error-free government. If an error did occur, it does not constitute a violation of his due process rights because "due process does not guarantee error-free government, it assures reasonable procedural protections appropriate to the fair determination of the particular issues presented in a given case." *Plato v. Roudebush*, 397 F. Supp. 1295, 1313 (D. Md. 1975) (applying Maryland law). Any claim based on a due process violation must be dismissed.[3]

---

[3] Mr. White also asserts a claim under Article 24 of the Maryland Declaration of Rights. "'Article 24 of the Maryland Declaration of Rights is the state law equivalent of

X. **PLAINTIFF HAS NOT CLAIM UNDER MONELL BECAUSE NONE OF THE DEFENDANTS ARE A MUNICIPALITY.**

Plaintiff erroneously asserts a claim for Municipal Policy, Custom and Supervisory Liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 (1978) in Count X of his complaint (ECF No. 20 at 34-37.) However, none of the defendants are a municipality and therefore liability under Monell, does not apply. Further, because plaintiff has not set forth a constitutional violation, a claim under Monell will not apply. *Johnson v. Balt. Police Dep't*, 500 F. Supp.3d 454, 459 (D. Md. 2020) (citation and internal quotation marks omitted).

XI. **PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES**

Plaintiff expressly seeks punitive damages against Defendants. ECF 20 at ¶ __. But, punitive damages are not available against the Defendants. Md. Code Ann., Cts. & Jud. Proc. § 5-522(a)(1) ("immunity of the State is not waived . . . for . . . punitive damages").

XII. **PLAINTIFF OTHERWISE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Even setting aside the lack of subject matter jurisdiction, the plaintiff's third amended complaint also fails to state a claim upon which relief can be granted and is

---

the Fourteenth Amendment of the United States.'" *Hawkins v. Leggett,* 955 F. Supp. 2d 474, 496 (D. Md. 2013) (citation omitted). "'In other words, [i]t has been clearly established that Article 24 protects the same rights as the Fourteenth Amendment.'" *Id.* (alteration in original) (citation and internal quotation marks omitted). "'Therefore, the analysis under Article 24 is, for all intents and purposes, duplicative of the analysis under the Fourteenth Amendment.'" *Id.* (citations omitted). Accordingly, because Mr. White's Fourteenth Amendment claim fails, his Article 24 claim likewise fails.

subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Plaintiff's allegations, when stripped of conclusory statements, do not state a plausible claim for relief against the defendants. Plaintiff omits a clear and concise statement of the facts necessary to constitute a cause of action as required by Federal Rule of Civil Procedure 8. Absent a clear statement demonstrating why he is entitled to relief, plaintiff fails to satisfy any of the pleading requirements.

In sum, plaintiff's third amended complaint fails to satisfy the "plausibility" standard adopted by the Supreme Court. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). That is, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation omitted).

In applying this standard, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1949-50. When stripped of its conclusory statements, plaintiff's complaint does not state a plausible claim for relief.

This Court has no jurisdiction over this matter. Orders of a state court relating to

25

the admission, discipline, and disbarment of its bar are subject to review only by the United States Supreme Court. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *see also, Wu v. State Bar of California*, 953 F. Supp. 315 (C.D. Cal. 1997) (discipline of members of the bar may be reviewed only by Supreme Court of the United States on *certiorari*, and not by means of original action in lower federal court); *Razatos v. Colorado Supreme Court*, 549 F. Supp. 798 (D. Col. 1982) (district court did not have subject matter jurisdiction over plaintiff's claim that Colorado Rule of Civil Procedure which controls attorney discipline proceedings constitutes denial of due process).

Plaintiff has neither stated a claim nor does he have a claim against these defendants before this Court and thus his complaint should be dismissed.

## CONCLUSION

For any or all of the foregoing reasons, plaintiff's amended complaint against defendants should be dismissed with prejudice.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Rachel L. Stewart
RACHEL L. STEWART
Federal Bar No. 27352
Assistant Attorney General
200 St. Paul Place
Baltimore, Maryland  21202
rstewart@oag.state.md.us
(410) 576-7934
(410) 576-6393 (facsimile)

26

*Attorneys for Defendants*

27